UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Estate of Solinsky,

                              Plaintiff,

    -v.-                                     5:08-CV-0727
                                                 (NPM/GJD)

Custodial Maintenance, Inc., Patrick M.
Gogliardo and Debra Gogliardo,

                              Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Colella Law Office<br>Attorney for Plaintiff<br>216 Genesee Street<br>Chittenango, NY 13037 | Donald P. Colella |
| Law Office of Mark David Blum<br>Attorney for Defendants<br>P.O. Box. 82<br>Manlius, NY 13104-2311 | Mark David Blum |

Neal P. McCurn, Senior District Judge

## *Memorandum, Decision and Order*

## *I.*    *Introduction*

     Presently before the court is a motion to dismiss the complaint in this action purportedly for lack of subject matter jurisdiction and for failure to state claims

1

upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.  Plaintiff is the estate of decedent, Richard Solinsky ("Solinsky"), who was formerly employed by defendant, Custodial Maintenance, Inc. ("CMI").  According to the plaintiff's Complaint ("the Complaint") defendant, Patrick Gogliardo ("Mr. Gogliardo") is "the co-founder, General Manager and President of CMI," Compl. ¶¶ 8, 57, and defendant, Debra Gogliardo ("Ms. Gogliardo") is "the Chairman or Chief Executive of CMI," Compl. ¶¶ 9, 58.  This action was commenced by Shirley Solinsky, who is the mother of Richard Solinsky, and the administratrix of his estate ("Plaintiff").

According to the Complaint, Plaintiff alleges that CMI unlawfully discriminated against Solinsky by terminating him based on his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296 et seq.  Plaintiff also alleges that Mr. and Ms. Gogliardo aided and abetted CMI's unlawful termination of Solinsky in violation of the NYHRL, N.Y. Exec. Law § 296(6).

## II.  Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in the plaintiff's favor.  See World Religious Relief, Inc. v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549, at *1 (S.D.N.Y. Aug. 7, 2007) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)).  Additionally, when deciding such a motion, the court may only consider "the factual allegations in the complaint, [...] documents attached to the complaint as

exhibits or incorporated by reference, [...] matters of which judicial notice might be taken, and [...] documents either in plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit." Muller-Paisner v. TIAA, 446 F.Supp.2d 221, 226-227 (S.D.N.Y.2006) (citing Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993) (internal citations omitted)) (rev'd in part on other grounds, No. 06-4307-cv, 2008 WL 3842899 (2d Cir. Aug. 15, 2008)).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the complaint includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, (2007).[1] The Court of Appeals for the Second Circuit has interpreted the foregoing language to require that lower courts apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007) (emphasis in original).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is governed by the same standard as a Rule 12(b)(6) motion, "except that a plaintiff asserting subject matter jurisdiction has the burden of proving by a

---

[1] By its opinion in Bell Atlantic, the Supreme Court abrogated the often-cited language of Conley v. Gibson "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. 544, ----, 127 S.Ct. 1955, 1968 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). In doing so, the Court found that Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id., at 1969.

3

preponderance of the evidence that it exists." <u>Friedlander v. Port Jewish Center</u>, — F.Supp.2d —, 2008 WL 5132688, at *2 (E.D.N.Y. 2008) (quoting <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir.2000)) (internal quotations omitted).

### *III.  Background*

The court will, as it must, accept the following allegations of fact as true for purposes of deciding the pending motion. <u>See</u> <u>World Religious Relief, Inc.</u>, 2007 WL 2261549, at *1.

Decedent, Richard Solinsky was employed by CMI from November 2002 through September 2006.  During that time he received a favorable job performance rating, had no disciplinary records, and received raises and promotions.

Solinsky was diagnosed as HIV-positive in 1992.  In August 2006 Solinsky sought leave from his employment with CMI in order to seek medical treatment due to the ill effects of his HIV-positive condition.  At the time he sought medical leave, Solinsky notified Mr. Gogliardo of his HIV-positive status.  In September 2006, CMI terminated Solinsky's employment.  At the time of his termination, Solinsky held the position of Operations Manager for CMI, for which he was qualified.

CMI contends Solinsky voluntarily terminated his employment.  However, Mr. Gogliardo denied Solinsky's request for vacation pay on September 7, 2006.  Thereafter, Solinsky filed a claim for unemployment benefits, which CMI failed to contest.  Despite the fact that CMI was notified of Solinksy's unemployment claim and given an opportunity to dispute same, CMI failed to do so.  CMI's failure to dispute Solinsky's unemployment claim is significant because an individual that

4

resigns from his employment is ineligible to receive unemployment benefits.

In December 2006, Solinsky filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On August 23, 2007, Solinsky died as a result of complications related to his HIV positive condition. The EEOC issued its determination on March 25, 2008, finding that Solinsky's employment was terminated "based on pure bias." Compl. ¶ 13, Ex. E. On April 7, 2008, the EEOC issued a right-to-sue letter to Solinsky's estate. Shirley Solinsky timely commenced this action on July 3, 2008, having received letters of administration from the Surrogate's Court of the County of Onondaga, New York appointing her as administratrix of Solinksy's estate.

## IV.  Discussion

### A.  Subject Matter Jurisdiction

Defendants first seek dismissal of the Complaint due to the purported lack of subject matter jurisdiction, citing the mootness doctrine. An action is moot "when the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties." ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir. 2007) (quoting Davis v. New York, 316 F.3d 93, 99 (2d Cir.2002)). Despite referencing the mootness doctrine as the basis for their motion, instead Defendants actually argue that although Plaintiff has properly stated a claim under the ADA, it will not be able to prevail on such a claim at trial because Solinsky will not be present to submit evidence on his behalf. According to Defendants, because Plaintiff cannot come forward with admissible evidence to support the elements of its ADA claim, "[i]t would be a

5

waste of judicial resources . . . to go forward with litigation that is fruitless." Defs.' Mem. of Law in Supp. of Mot. to Dismiss, at 6, Dkt. No. 12.  Not until their reply memorandum of law do Defendants argue that Solinsky is no longer a stakeholder in this action because he is deceased, and that Plaintiff estate "is not a party with an interest in the litigation." Defs.' Reply Mem. of Law, at 5, Dkt. No. 20.

To be sure, as Plaintiff correctly points out, actions under the ADA survive the death of a party.  See Estwick v. U.S.Air Shuttle, 950 F.Supp. 493, 498 (E.D.N.Y. 1996).  Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

Also, to the extent Defendants seek dismissal of this action at such an early stage of the litigation based on pure surmise and conjecture as to the strength of Plaintiff's case, the court denies same.  Counsel for Defendants is reminded of the bedrock principle of law that the purpose of a Rule 12 motion to dismiss is to "assess[] the legal feasibility of the complaint, . . . not [to] weigh the evidence that might be offered to support it."  Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).  Ironically, the only "waste of judicial resources" here stems not from Plaintiff's complaint, but Defendants' baseless motion.

### *B.  Rule 12(b)(6) Motion to Dismiss "Claims Against Mr. and M[]s. Gogliardo"*

Defendants also contend that the claims against Mr. and Ms. Gogliardo should be dismissed for failure to state claims upon which relief may be granted, because "it is well settled that individuals cannot be sued under the ADA." Defs.' Mem. of Law in Supp. of Mot. to Dismiss, at 6, Dkt. No. 12.  However, it is clear

from a reading of the Complaint that the sole claim in this action against Mr. and Ms. Gogliardo does not fall under the ADA, but is instead a claim for aiding and abetting the unlawful discriminatory discharge of Solinsky under the NYHRL. See N.Y. EXEC. LAW § 296(6) (McKinney 2008).  Accordingly, Defendants' argument that Mr. and Mrs. Gogliardo must be dismissed from this action because "individuals cannot be sued under the ADA" is misplaced.

Defendants further argue that Ms. Gogliardo is an improper party, and accordingly, all claims against her must be dismissed.

Pursuant to NYHRL § 296(6), "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of the acts forbidden under [the NYHRL], or to attempt to do so."   NY Exec. LAW § 296(6). A corporate supervisor or manager may be subject to personal liability under NYHRL § 296 only where said supervisor or manager has been deemed an employer within the meaning of the NYHRL.  According to the New York Court of Appeals, a corporate manger or supervisor is not considered an employer pursuant to NYHRL unless he is shown to have (1) an ownership interest in the corporation *or* (2) any power to do more than carry out personnel decisions made by others.  See Patrowich v. Chemical Bank, 63 N.Y.2d 541, 542, 473 N.E.2d 11, 483 N.Y.S.2d 659 (1984) (emphasis added).

In order for a plaintiff to state a claim against an aider or abettor of NYHRL violations pursuant to § 296(6), he must allege "(1) that [defendant] engaged in conduct protected by the NYHRL; (2) there is a causal connection between the protected conduct and the alleged [violations] of the NYHRL; and (3) that [defendant] 'actually participated' in the discrimination." Beattie v. Guilderland

7

Cent. Sch. Dist., 124 F.Supp.2d 802, 805 (N.D.N.Y. 2000), (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)).

Here, Defendants argue that Ms. Gogliardo is an improper party because "[s]he was not an agent, management employee, officer, or decision maker for [CMI]" Defs.' Mem. of Law in Supp. of Mot. to Dismiss, at 6, in apparent reliance on affidavits that were improperly submitted for the court's consideration at this stage of the litigation. It is clear, however, that on a Rule 12(b)(6) motion to dismiss, the court *must* accept the allegations of fact in the complaint as true. In the Complaint, Plaintiff alleges that Mr. and Ms. Gogliardo "have an ownership interest in CMI" Compl. ¶ 56, and that Ms. Gogliardo is "the Chairman or Chief Executive of CMI," Compl. ¶¶ 9, 58. Moreover, Plaintiff also alleges that Mr. and Ms. Gogliardo "were aware that [Solinsky] was diagnosed as HIV-positive at the time of his discharge and his discharge was solely based on the fact that [Solinsky] was HIV-positive. [Mr. and Ms. Gogliardo] actively participated in CMI's unlawful discharge of Solinsky from his employment based on [Solinsky's] disability in violation of New York Human Rights Law." Compl. ¶ 60. The foregoing allegations in the Complaint sufficiently state a claim for aiding and abetting employment discrimination against both Mr. and Ms. Gogliardo under NYHRL. Accordingly, Defendants' Rule 12(b)(6) motion to dismiss is also denied in this regard.

## *V. Conclusion*

For the foregoing reasons, it is hereby

ORDERED that the motion to dismiss the complaint filed by defendants, Custodial Maintenance, Inc., Patrick Gogliardo, and Debra Gogliardo, see Dkt.

No. 12, is DENIED in its entirety.

    IT IS SO ORDERED.

DATED:    December 30, 2008
              Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge